# COMMON PLEAS OF LACKAWANNA CO.

COMMONWEALTH TO THE USE OF THE SUPERVISORS OF NORTH
ABINGTON TOWNSHIP VS. THE FACTORYVILLE AND ABING-
TON TURNPIKE AND PLANK ROAD COMPANY.

### CERTIORARI ON PART OF DEFENDANT.

1. Although there might be no right of the plaintiff as stated upon the record to recover the defect is amendable even after judgment, and the judgment should not be disturbed on that account.

2. The acts of 1849, 1874 and 1878 may be harmonized into a system that will furnish a method to compel corporations coming within their provisions to comply with the same.

The proceedings in this case are similar to those in the case of the Commonwealth to use of the Supervisors of South Abington against the same defendant, reported *ante*, page 127. The justice gave judgment against the defendant. A certiorari was taken and the following exceptions filed by the defendant:

1. There is no right of action in the plaintiff.

2. The justice's proceedings do not disclose his jurisdiction.

3. The justice exceeded his jurisdiction.

4. The justice had no jurisdiction.

5. Only nine persons were named by the justice from which to select the viewers.

Messrs. WARD & HORN for exceptions.

S. B. PRICE, ESQ., *Contra.*

Opinion by HAND, J.

This case differs materially from the one in the name of South Abington Township argued at the same time and decided by us. There is enough upon the record to show that the defendants are a corporation. That being the case there is enough also for us to presume they are a corporation of this State. It is not necessary in this case to decide whether they are under special or general laws for in either case the presumption is they are under the act of 1849. Consequently so far

as this case is concerned it does not appear that the acts of 1874 and 1878 repeal the act of 1849.

We therefore dispose only of the exceptions as filed in this case. In regard to the first exception that there is no right of action in the plaintiff, all the defects reached by this exception we deem amendable even after judgment, therefor the judgment should not be disturbed on that account. The act of 1849 gives the justice jurisdiction and enough is set out upon the transcript to conform to the Act of Assembly in that respect. This disposes of the second, third and fourth exceptions. The fifth exception falls when we hold the act of 1849 to be in force. It may be outside of the record of this case, but we will, nevertheless, state that should it appear that this corporation was chartered by a special statute incorporating within its provisions the act of 1849, we can discover no reason why the acts of 1849 and of 1874 and 1878 cannot be harmonized into a system as undoubtedly intended by the legislature that will provide a method of securing what is sought by this prosecution.

The judgment of the justice in this case is affirmed.